KYH
TCP: USAO #2026R00634

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | **CRIMINAL NO.** MJM-26-357 |
| **v.** | * | |
| | * | **(Interference with Commerce by Threats or Violence, 18 U.S.C. § 1951(a); Possession of a Firearm and Ammunition by a Prohibited Person, 18 U.S.C. § 922(g)(1); Using, Carrying, and Brandishing a Firearm During and in Relation to a Crime of Violence, 18 U.S.C. § 924(c); Forfeiture, 18 U.S.C. §§ 924(d), 981(a)(1)(C), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c))** |
| **KEITH LEWIS,** | * | |
| **Defendant.** | * | |

**********

## INDICTMENT

### COUNT ONE
### (Interference with Commerce by Threats or Violence)

The Grand Jury for the District of Maryland charges that:

1. At all times material to this Indictment, the Cricket Wireless store, located at 4528 Erdman Avenue, Baltimore, Maryland 21213, was engaged in the retail sale of cellular telephones, tablets, smartwatches, electronic devices and/or accessories, and other consumer products in interstate commerce, and the business of the Cricket Wireless store affected interstate commerce.

2. On or about July 10, 2026, in the District of Maryland, the Defendant,

**KEITH LEWIS,**

did knowingly obstruct, delay, and affect commerce, as that term is defined in 18 U.S.C. § 1951, and the movement of articles and commodities in commerce, by robbery, as that term is defined in 18 U.S.C. § 1951, in that the Defendant did unlawfully take and obtain money and property belonging to the Cricket Wireless store, from the person of and in the presence of an employee of

the Cricket Wireless store, against the employee's will by means of actual and threatened force, violence, and fear of injury, immediate and future, to the employee's person and property in the employee's custody and possession.

18 U.S.C. § 1951(a)

**COUNT TWO**
**(Possession of a Firearm and Ammunition by a Prohibited Person)**

The Grand Jury for the District of Maryland further charges that:

On or about July 10, 2026, in the District of Maryland, the Defendant,

**KEITH LEWIS,**

knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm and ammunition, to wit, a Beretta model BU9 Nano 9mm caliber semi-automatic pistol, bearing serial number NU131132, and six rounds of 9mm caliber ammunition, and the firearm and ammunition were in and affecting commerce.

18 U.S.C. § 922(g)(1)

**COUNT THREE**
**(Using, Carrying, and Brandishing a Firearm During and in Relation to a Crime of Violence)**

The Grand Jury for the District of Maryland further charges that:

On or about July 10, 2026, in the District of Maryland, the Defendant,

**KEITH LEWIS,**

did knowingly use, carry, and brandish a firearm during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, that is, Interference with Commerce by Threats or Violence, in violation of 18 U.S.C. § 1951(a), as alleged in Count One of this Indictment.

18 U.S.C. § 924(c)(1)(A)(ii)

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1. Pursuant to Fed. R. Crim. P. 32.2, notice is hereby given to the Defendant that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. §§ 924(d) and 981(a)(1)(C), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c), in the event of the Defendant's conviction under Counts One through Three of this Indictment.

### Robbery Forfeiture

2. Upon conviction of the offense set forth in Count One of this Indictment, the Defendant,

**KEITH LEWIS,**

shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, that constitutes, or is derived from, proceeds traceable to such offense.

### Firearms and Ammunition Forfeiture

3. Upon conviction of the offenses set forth in Counts Two or Three of this Indictment, the Defendant,

**KEITH LEWIS,**

shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), any firearms and ammunition involved in such offenses.

### Property Subject to Forfeiture

4. The property subject to forfeiture includes, but is not limited to:

a. a Beretta model BU9 Nano 9mm caliber semi-automatic pistol, bearing serial number NU131132; and

b. approximately three (3) rounds of Aguila 9mm caliber ammunition, one (1)

round of Winchester 9mm caliber ammunition, one (1) round of X-treme 9mm caliber ammunition, one (1) round of Naracarms Industries Corp. (NRC) 9mm caliber ammunition, and one (1) round of Federal 9mm caliber ammunition, all of which were loaded therein.

**Substitute Assets**

5. If, as a result of any act or omission of the Defendant, any of the property described above as being subject to forfeiture:

a. cannot be located upon exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third person;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property up to the value of the forfeitable property described above pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

18 U.S.C. § 924(d)
18 U.S.C. § 981(a)(1)(C)
21 U.S.C. § 853(p)
28 U.S.C. § 2461(c)

Kelly O. Hayes /TCP
Kelly O. Hayes
United States Attorney

A TRUE BILL:
SIGNATURE REDACTED
FOREPERSON

10/08/2026
Date